But we'll begin today with arguments on the pending motion in 20-3939 Bankasi versus Henkin. Mr. Pincus, you're up. Good afternoon, and may it please the court, if possible, I'd like to reserve one minute for rebuttal. That's fine. A key question in every JASDA aiding and abetting case is whether the complaint's allegations satisfy the claim's general awareness element. This court explained in Siegel, building on its prior decision in Lindy, that the complaint's well-pleaded allegations facts must support a plausible inference that, quoting, the bank was generally aware that by providing financial services to a client, it was thereby playing a role in the violent or life-endangering activities. And the court went on to say that mere knowledge of the client's connection to terrorism is not sufficient. The district court here itself recognized the need for guidance from this court on how to apply that standard at the motion to dismiss stage, noting it has expressly rejected the approaches of two district courts. And the issue really is this. The district court here held that a court need not find that the pleaded facts support a plausible inference that the defendant actually knew of the information relied on by the plaintiff to satisfy the general awareness standard. Rather, the district court adopted a lesser standard that it termed plausible knowledge, which it framed its opinion at page 22 as whether the information triggered a duty to investigate, not whether the bank actually knew the information. And other courts have held that a plausible inference of actual knowledge is required. Now, the issue was before this court in the Honickson and Rubin cases, as my friends on the other side have noted, but the disagreement among the lower courts will not be resolved if the court decides only those cases because they involve unusual allegations not representative of the overwhelming number of cases in the lower courts. And there are about a dozen of them. Most of the cases are like this one with allegations of various facts and or media reports about particular bank clients, some of which happened before and some after the transactions or the terrorist acts at issue. And the question is whether those allegations support a plausible inference that the defendant was aware of the information, and then whether the information that the defendant was aware of was sufficient to satisfy the general awareness standard. Honickman and Rubin are different. In Honickman, the district court relied significantly on the circumstance that virtually all of the cited public sources in the complaint, and I'm quoting, were either undated or were dated after the last of the attacks. And the district court said the one exception by itself was not sufficient. So there is a significant chance that this court in that case will address the standard for determining whether a bank knew of information allegedly available before the attack. In the Rubin case, which also has been termed in the lower courts Kaplan or Lychee, the plaintiff's argument rests significantly on the bank's own conduct, its special treatment of particular accounts, such as exempting from document requirements generally applicable to large cash deposits, and other information about the bank's own activities. So there the claim is based on the bank's own conduct, and the court therefore may not address the standard for determining whether a defendant knew of supposedly available information and the sufficiency of that information. Excuse me, you have a minute left. So a decision by the court in this case is therefore essential to provide the necessary guidance to the lower courts. And for that reason, we submit the court should grant the petition and set an expedited briefing schedule. Alternatively, the court could grant the petition and follow the approach taken by the Honickman panel, which was to issue an order directing that there be briefing immediately after the decision in the Rubin case. And in that event, we'd suggest three-stage briefing because the court won't have any prior briefing in this case. Thank you. Thank you. We'll hear from Mr. Osen. Yes, good afternoon, Your Honor. May it please the court, this is Gary Osen of Osen LLC on behalf of the Hankins Claims. We believe the petition for an interlocutory appeal should be denied. It would not address any issue that has not already been fully briefed and argued before multiple panels of this court. But in any event, the petition should not be consolidated with the Rubin and Honickman appeals, two fully briefed and argued appeals that will almost certainly address the certified question presented in Judge Kogan's order. Having said that, we do agree with our colleague on the other side that the district court, that the Hankin case facially presents a controlling question of law, namely whether plaintiffs can sufficiently plead general awareness elements of aiding and abetting under Halberstam v. Welsh, relying on circumstantial evidence, including publicly available information. I'll just add briefly that this was a central issue in the complaint and in the decision below in Kaplan and was firmly and extensively argued and briefed on appeal in Rubin v. Welsh. Judge Kogan held that plaintiffs had plausibly pled based on circumstantial evidence. The bank had generally been aware that its customers were fundraisers, alter egos, and operatives of Hamas. He also pointed out that as a practical matter, after discovery, victims of terrorism and their families do not ordinarily have access to conclusive evidence that bank officials or compliance staff had actual knowledge of various red flags. That's something that comes in discovery. Defendant's view, which the district court summarized, is that plaintiffs are required to plead with specificity that a bank read or was actually aware of information connecting its customers to Hamas or another FTO to survive a motion to dismiss. At the time the motion to dismiss was briefed, Bank of Eight relied principally on the two and that imposed the heightened pleading standard defendant prefers and that's the Kaplan and Honickman cases. The controlling question of law concerning what is needed to plead general awareness wasn't is squarely before this court in the appeal of Kaplan versus Lebanese Canadian Bank. The principal case on which the defendant relied upon and that appeal was argued on November 19th, 2020, and as mentioned a moment ago, it's now known or captioned as Leachy or Ruevane versus Lebanese Canadian Bank. The fact that Ruevane decision is almost certain to resolve the controlling question of law is further evidenced in our view by the approach taken by the other panels of this court in Honickman. That appeal was argued on December 10th and the on December 17th, holding that case in abeyance, pending the decision in Ruevane. We therefore do not believe that the granting of a petition for an interlocutory appeal here has the potential to impact a large number of other cases, at least not in the traditional sense. Again, deciding the certified question here would not address any issue that has not already been fully briefed and argued before multiple panels of this court. Thank you. All right, Mr. Pincus. Thank you, Your Honor. Just a couple of quick points on rebuttal. I don't think the issue here is whether circumstantial evidence is permissible. The question instead is what the standard is that the complaint has to satisfy. And I think that's shown by the fact that both the Honickman and the Kaplan cases in the district court said that what was required was a plausible inference that the defendant actually knew the information that's relied on to establish the general awareness element of the offense. And Honickman said that at 432 F sub 3rd at 265 and Kaplan at F sub 3rd at 535. So the question here really is the difference between the district court here holding that when we're talking about information that's alleged to be publicly available, does the complaint have to support a plausible inference that the defendant actually knew of that information? That's what we contend and what those two courts held, or only that the information sort of gave the defendant enough information that it should have inquired further. And that's a critical difference. And for the reasons that I said earlier, the particular facts of the two cases already before the court make it unlikely that those panels are going to resolve that particular issue. Thank you very much, Mr. Pincus. Judge Pincus, I think I understood your argument, but I want you to be clear with us as to exactly what you want as motion relief right now. I think what we would ask is that the petition be granted and the case be accepted for appeal. And we would suggest that the court set an expedited briefing schedule. So basically, you're looking for an expedited opportunity to be heard. You're not asking this panel to make any merits decisions. No, that is open to this panel if they wish to, but... Right, no, no, I understand. I understand. Thank you. Thank you, Judge DeBranis. Judge Sullivan, any questions? Yeah, I guess for Mr. Osen, just what's the prejudice from granting this? And Judge Kogan obviously certified the question. What's the prejudice to you or your Thank you, Judge Sullivan. I don't think there's a prejudice in granting the request itself. I think there is a prejudice in consolidating the case with the two other appending appeals that have been fully briefed and argued. I do think it makes sense from a practical standpoint to have any briefing, whether it's on the further consideration of the petition or on the substantive merits, to come after the determination, at least in Rouvain. Until that time, any briefing would, in practice, be referencing district court opinions. And, you know, to paraphrase Matthew I think at a minimum, the Rouvain decision is going to be a guiding lodestar for determining what the party's positions are. Thank you. I have no further questions. This is Judge DeBranis. Mr. Osen, let me, I guess, restate the question or concern stated by Judge Sullivan. So if we were to grant this petition, what exactly, I gather there's no prejudice, is that right? Yes, I don't believe there's prejudice in that sense. I mean, I don't think it, from our standpoint, as we said, that this is the appropriate vehicle for 1292 for the reasons stated, but I don't see a prejudice involved. Right. And your principal concern is that it not be consolidated with two cases that are already pending before other panels of this court. Correct. All right. Mr. Pincus, given Mr. Osen's response, what exactly do you want? If we grant this petition without consolidating, that would be adequate as far as you're concerned, is that right? Yes. Granting the petition without consolidating would be adequate. And the only additional thing I would suggest is an expedited briefing schedule, just so the basics would be already briefed, and then all that would be needed would be supplemental briefs to the extent that the court decided to treat this case the way the Honickman panel is treating Honickman. And in your view, if we were to do that, something like that, this would be, as it were, the third case in a queue to deal with substantially similar issues. Is that right? Yes, I don't, I mean, the other cases, the Rubin case, obviously, is moving ahead. The Honickman cases are being held in abeyance. So I think that it could well be on a parallel timeline for Honickman. All right, thank you very much. We'll reserve decision and